SIOBHAN C. AMIN (CA Bar No. 308416)
samin@ftc.gov
BARBARA CHUN (CA Bar No. 186907)
bchun@ftc.gov
JORDAN X. NAVARRETTE (CA Bar No. 306143)
jnavarrette@ftc.gov
FEDERAL TRADE COMMISSION
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Telephone: (310) 824-4300

*Attorneys for Plaintiff Federal Trade Commission*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION; THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through LOS ANGELES COUNTY COUNSEL DAWYN R. HARRISON; and UTAH DIVISION OF CONSUMER PROTECTION,<br><br>Plaintiffs,<br><br>v.<br><br>HIMS & HERS HEALTH, INC.,<br><br>Defendant. | Case No. 3:26-cv-07871<br><br>**PLAINTIFF FEDERAL TRADE COMMISSION'S LOCAL RULE 79- 5(f)(4) RESPONSE IN OPPOSITION TO SEALING SELECT PORTIONS OF THE COMPLAINT**<br><br>Complaint filed: July 29, 2026 |

Plaintiff Federal Trade Commission ("FTC") respectfully requests that the Court deny the request of Defendant Hims & Hers Health, Inc. ("Hims") to permanently seal allegations in Plaintiffs' Complaint which rely on information produced to the FTC that shows Hims deceived and harmed its consumers.  To seal the contents of a complaint, a party must articulate compelling reasons supported by specific facts that overcome the strong presumption of public access to information.  For each portion of the Complaint that it seeks to seal, Hims has failed to carry this heavy burden because its argument relies entirely upon boilerplate and vague statements of competitive harm without making the particularized showing necessary to justify sealing.  In addition, a review of the proposed redactions demonstrates that there is no conceivable competitive harm to Hims from the public release of the allegations at issue.  Accordingly, the FTC respectfully requests that the Court direct that a fully-unredacted Complaint be filed on the public docket.

## I.    BACKGROUND

The FTC, joined by the Utah Division of Consumer Protection and the People of the State of California by and through Los Angeles County Counsel, filed a Complaint against Hims on July 29, 2026 (Dkt. 1).  Hims contends that certain allegations in the Complaint are based upon non-public information provided to the FTC during its investigation and should be permanently sealed from the public record.  As such, the FTC filed an Administrative Motion to Consider Whether Another Party's Material Should be Sealed to give Hims the opportunity to argue this issue (Dkt. 3).  On August 5, 2026, Hims filed a Statement and Request to Permanently Seal Select Portions of Plaintiffs' Complaint ("Hims' Statement") and accompanying Michael Chi Declaration ("Chi Decl.") (Dkt. 13, 13-1).  Hims seeks to permanently seal many of the redactions in the publicly filed Complaint except for certain material for which Hims no longer requests sealing.  (*See* Chi Decl. ¶ 16.)

## II.    ARGUMENT

### A.    Hims Does Not Meet its Burden to Show Sealing is Necessary to Prevent Competitive Harm

Hims fails to carry its burden to overcome the "strong presumption" of public access to court records because it fails to articulate "compelling reasons supported by specific factual

- 1 -

findings" to keep the Complaint's allegations under seal. *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006).  The allegations Hims seeks to seal reflect high-level information and set forth the foundation of Plaintiffs' case. *See, e.g., Apple Inc. v. Rivos, Inc.,* No. 22-CV-02637-PCP, 2024 WL 748394, at *2 (N.D. Cal. Feb. 23, 2024) (rejecting attempt to seal non-public counterclaim allegations that referenced "high-level" business information absent showing of specific injury from information being made public).  The public has a strong interest in being able to review complaint allegations that are essential to the public's understanding of the case. *See In re Meta Pixel Tax Filing Cases,* No. 22-CV-07557-PCP, 2025 WL 1872974, at *2 (N.D. Cal. May 9, 2025) ("It is hard to imagine a single document that could be more central to the merits of a party's claims than the complaint itself."); *see, e.g., Realtek Semiconductor Corp. v. MediaTek, Inc.,* 732 F. Supp. 3d 1101, 1119 (N.D. Cal. 2024) (denying sealing of portions of document that were "germane" to dispute and "essential to the public's understanding of" the case).

Hims' assertions that the Court should keep these essential allegations from the public because they may contain information competitors can use to their advantage are woefully deficient.  Hims' sole factual basis for keeping the allegations under seal is set forth in paragraphs 7-15 of the Chi Declaration.  However, Hims' claims of competitive harm in these paragraphs are vague and boilerplate and do not provide specific facts regarding how a competitor would use each piece of information set forth in the allegations to Hims' disadvantage. *Hodges v. Apple, Inc.,* No. 13-cv-01128-WHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013) (citation modified) ("An unsupported assertion of 'unfair advantage' to competitors without explaining 'how a competitor would use th[e] information to obtain an unfair advantage' is insufficient."); *A.B. v. Pacific Fertility Ctr.,* 441 F. Supp. 3d 902, 908 (N.D. Cal. 2020) (rejecting party's attempt to seal information based on boilerplate assertion that disclosure "would allow competitors and counterparties to gain insight").  In the Chi Declaration, Hims groups the Complaint allegations at issue into two broad categories: (1) analyses of consumer behavior and strategic decision-making regarding the consumer experience; and (2) data collection and data sharing practices and technical implementation information. (*See* Chi Decl. ¶¶ 7-8, 11, 12-13, 15.)  Then, Hims claims that these broad groupings of information – as opposed to the specific allegations in the Complaint – could be

- 2 -

harmful if publicly disclosed because they would allow competitors to either replicate Hims' acts and choices or gain insights that would improve their competitive position. (*See id.* ¶¶ 10, 14.) These vague assertions of competitive harm fail to satisfy Hims' burden to explain with "particularity" why public disclosure of the information in each allegation would harm Hims. *Bronson v. Samsung Elecs. Am., Inc.,* No. C 18-02300 WHA, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) ("Supporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable legal standard."). Accordingly, Hims' Statement fails on its face due to its insufficient factual showing of competitive harm to justify sealing.

### B. Public Disclosure of the Complaint Will Not Harm Hims' Competitive Standing

An examination of the Complaint's allegations that Hims proposes permanently redacting reveals that disclosure of that information would not cause Hims competitive harm.[1] Instead, the allegations can only be said to be harmful because of potential reputational damage, which is not a valid basis for withholding information from the public eye. *Kamakana*, 447 F.3d at 1179.

*Allegations Regarding Hims' Subscription Cancellations and Customer Survey and Chat Responses*

Hims seeks to seal allegations in paragraphs 34-38 and 56-57 of the Complaint which contain high-level information about Hims' subscription cancellations and assessments of customer feedback. However, the allegations about Hims' subscription cancellations and Hims' internal discussions regarding the same (paragraphs 34-36) are not competitively sensitive because they contain very little specific information about Hims' business other than a single numerical reference. *FTC v. DIRECTV, Inc.,* No. 15-CV-01129-HSG, 2017 WL 840379, at *2 (N.D. Cal. Mar. 3, 2017) (finding that DIRECTV did not show "compelling reasons" to seal "customer care metrics and strategy," or "subscriber data" such as churn statistics). They also refer to information that is not useful to competitors because it is old, dating from the 2022-2023 period. *See LeGrand*

---

[1] Hims cites the Court's order sealing portions of the FTC's Complaint in *FTC v. Uber Technologies, Inc.,* 4:25-cv-03477 (N.D. Cal. May 9, 2025) to justify its request. (Hims' Statement at 4:21-23.) However, the Court's order in *Uber* is distinguishable because Uber only sought to seal specific numbers in the FTC's Complaint. *Bronson*, 2019 WL 7810811, at *1 ("Requests not narrowly tailored to seek sealing only of sealable material . . . shall be denied.").

- 3 -

Plaintiff FTC's Response in Opposition to Sealing Complaint          Case No. 3:26-cv-07871

*v. Abbott Labs.,* No. 22-CV-05815-TSH, 2026 WL 622117, at *3 (N.D. Cal. Mar. 5, 2026) (*citing In re MyFord Touch Consumer Litig.,* 13-cv-03072-EMC, 2018 WL 1027391, at *2 (N.D. Cal. Feb. 2, 2018)) (rejecting attempt to seal market share data and surveys on consumer habits that was several years old); *Buzzballz, LLC v. MPL Brands NV, Inc.,* No. 24-CV-04004-EKL, 2026 WL 1407641, at *2 (N.D. Cal. May 19, 2026) (denying request to seal documents based on "years-old," "stale" information).

The remaining allegations about customer feedback in paragraphs 37-38 and 56-57 are also not likely to confer a competitive advantage because they contain only high-level information about frequent survey and customer chat responses and again describe only one numerical data point. Indeed, courts have repeatedly rejected attempts to seal this kind of information on the grounds that customers themselves are aware of their complaints. *Kowalsky v. Hewlett-Packard Co.,* No. 5:10-CV-02176-LHK, 2012 WL 892427, at *2 (N.D. Cal. Mar. 14, 2012) (citation modified) (denying sealing of customer complaints as not confidential "because they are known by third parties—the customers reporting the complaints"); *In re Nuna Baby Essentials Rava Litig.,* No. 25-CV-01284-AMO, 2026 WL 1896220, at *2 (N.D. Cal. July 1, 2026) (rejecting sealing of confidential customer feedback and details regarding customer service systems).

*Allegations Regarding Hims' Offering of Online Cancellation*

Hims seeks to seal allegations in paragraphs 55 and 58 of the Complaint which broadly discuss Hims' past offering of online cancellation methods on its websites and mobile applications. Similar to many of the survey allegations, these allegations discuss historic, not current, practices. They also provide the public with essential facts regarding Hims' cancellation offerings and are critical to Plaintiffs' claim that Hims made its subscriptions difficult to cancel. None of these facts are competitively sensitive on their face. Hims may treat this information about its prior practices as confidential, but that alone is not sufficient to justify sealing these critical allegations absent specific facts showing that a competitor could use the information to obtain a competitive advantage to Hims' detriment. *Hodges*, 2013 WL 6070408, at *2.

- 4 -

*Allegations Regarding Hims' Sharing of Customer Data with Advertising Platforms*

The last category of allegations Hims seeks to seal are in paragraphs 68-69, 71-74, and 76-77 and pertain to Hims' sharing of consumer information with advertising platforms including Meta Platforms, Inc. ("Meta") and Snap Inc. ("Snap").

Hims cannot plausibly establish that a competitor could use these allegations to Hims' detriment if publicly disclosed.  Hims does not seek to seal the fact that it uses these publicly available advertising tools offered by Snap and Meta (*see, e.g.,* Chun Decl., Ex. 1 [Unredacted Complaint] ¶ 66), nor does it contend that the way Hims uses these tools is proprietary (*see* Chi Decl. ¶ 14).  Moreover, the Complaint's allegations do not reveal information about Hims' marketing strategy or informative details about its marketing practices.  Instead, they are focused on Hims' sharing of consumers' data – which the public has a compelling interest in knowing about. *Meta Pixel Tax Filing Cases*, 2025 WL 1872974, at *3 (rejecting attempt by Meta to seal fact that it receives certain kinds of personal information about consumers from tax websites).  Competitors would derive no advantage from reading allegations that Hims, like many similar businesses, collects data about consumers and tracks user conduct on its websites.  Similarly, the allegation that consumer information has been shared in connection with Hims' use of certain advertising tools may be harmful to Hims' reputation but is not a trade secret that competitors could turn to their benefit.  Indeed, Hims offers no authority where the facts of a company's consumer data collection and sharing practices were sealed as competitively sensitive information.  To the contrary, Hims offers a compelling reason for public disclosure because it notes that the implementation of this "architecture," i.e., its data collection and sharing, "cannot be determined from Hims' public-facing website, privacy disclosures. . . browser inspection. . . or other publicly available sources."  (Chi Decl. ¶ 13.)  The failure to disclose this material information is at the heart of the Complaint's alleged privacy violations.

## III.    CONCLUSION

Accordingly, the FTC respectfully requests that the Court deny Hims' Statement and Request to Permanently Seal Select Portions of Plaintiffs' Complaint and direct that a fully unredacted Complaint be filed on the public docket.

- 5 -

Dated: August 10, 2026

Respectfully submitted,

**FOR THE FEDERAL TRADE COMMISSION:**

*/s/ Siobhan C. Amin*
SIOBHAN C. AMIN
BARBARA CHUN
JORDAN X. NAVARRETTE
Federal Trade Commission
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Tel: (310) 824-4300
samin@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

Plaintiff FTC's Response in Opposition to Sealing Complaint                Case No. 3:26-cv-07871