Carole S. Rendon (SBN 0070345)
crendon@bakerlaw.com
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114
Telephone: 216.621.0200
Facsimile: 216.696.0740

Kimberly S. Morris (SBN 249933)
kmorris@bakerlaw.com
BAKER & HOSTETLER LLP
Transamerica Pyramid
600 Montgomery Street, Suite 3100
San Francisco, CA 94111
Telephone: 415.659.2660
Facsimile: 415.659.2601

Victoria M. Rutherfurd (SBN 5041249)
vrutherfurd@bakerlaw.com
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212.589.4683
Facsimile: 212.589.4200

Attorneys for Defendant HIMS & HERS HEALTH, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION; THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through LOS ANGELES COUNTY COUNSEL DAWYN R. HARRISON; and UTAH DIVISION OF CONSUMER PROTECTION,<br><br>Plaintiffs,<br><br>vs.<br><br>HIMS & HERS HEALTH, INC.,<br><br>Defendant. | Case No. 3:26-cv-07871-VC<br><br>**DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE (DKT. NO. 26)** |

Hims & Hers Health, Inc. ("Hims") and its counsel respectfully submit this response to the Court's August 17, 2026 Order Denying Motions to Seal; Order to Show Cause ("OSC") (Dkt. No.

26). For the reasons set forth below, Hims and its counsel respectfully submit that sanctions in connection with Hims's Rule 79-5 Response ("sealing requests") (Dkt. No. 13) are unwarranted.

## FACTUAL AND PROCEDURAL BACKGROUND

Prior to the commencement of this action, the Federal Trade Commission ("FTC") conducted a confidential investigation of Hims, requiring Hims to produce nonpublic and confidential business information. Pursuant to 16 C.F.R. § 4.10(g), before filing suit, the FTC provided Hims notice that information Hims had produced during the investigation could be disclosed in a federal court proceeding. Consistent with that regulation, Hims sought protection of its sensitive nonpublic confidential business information. Plaintiffs thereafter filed a redacted Complaint and an Administrative Motion under Civil Local Rule 79-5(f) requesting that the Court determine whether material designated by Hims should remain sealed. *See* Dkt. Nos. 1, 3.

Hims and its counsel recognized that the standards governing the sealing of judicial records differ from, and are more demanding than, the standards governing treatment of nonpublic material in a regulatory investigation. Accordingly, Hims and its counsel reviewed the Complaint utilizing the "compelling reasons" standard recognized in this Circuit to identify any nonpublic confidential business information in the Complaint whose disclosure could harm Hims's competitive standing.

At the time Hims filed its sealing requests, the case was not assigned to this Court. Accordingly, when the sealing requests were prepared and filed, Hims and its counsel did not have the benefit of this Court's Standing Order or its guidance concerning motions to seal.

In its sealing requests, Hims did not seek to maintain every provisional redaction. Rather, Hims narrowed its requests to discrete categories of information and limited portions of the Complaint that it reasonably believed could harm its competitive standing. Hims supported those requests with a declaration from its Chief Operating Officer describing the competitive harm that could result from disclosure. *See* Dkt. No. 13, Chi Decl. ¶¶ 7–15.

## ARGUMENT

Hims and its counsel take seriously their obligations under the public-access doctrine and this Court's Standing Order. The question presented by this OSC is whether Hims's sealing requests were made in bad faith or in a manner akin to contempt of court. They were not. Instead, the record

reflects a good-faith effort to protect information that Hims reasonably believed, under Ninth Circuit authority, could harm its competitive standing. Hims and its counsel sought to redact only limited portions of the Complaint for that sole purpose, not to burden the Court, evade public scrutiny, or impair the public's understanding of the case.

## I. THE SEALING REQUESTS WERE SUBMITTED BEFORE THE CASE WAS REASSIGNED TO THIS COURT

The sealing requests were not made in disregard of case-specific guidance from this Court. When Hims filed its sealing requests, the case had not yet been reassigned to this Court. Hims evaluated its request for redaction under the Federal Rules of Civil Procedure, the Civil Local Rules, and applicable Ninth Circuit authority. Based on that analysis, Hims and its counsel had a good-faith basis for submitting the sealing requests.

Unlike the attorneys sanctioned in *Nevro Corp. v. Bos. Sci. Corp.*, 312 F. Supp. 3d 804, 805 (N.D. Cal. 2018) (Chhabria, J.), Hims and its counsel had not previously been advised that the categories of information at issue were not sealable, as its motion to seal was filed before the case was reassigned to this Court. As a result, Hims and its counsel's conduct is not "akin to a contempt of court," and cannot be said to involve "a knowing violation of a court order." *Darulis v. Iaria*, No. 06cv1139-L(CAB), 2008 WL 5101932, at *4 (S.D. Cal. Dec. 1, 2008) (quoting Fed. R. Civ. P. 11(c) Advisory Comm. Notes, 1993 Amendments). *See also Stanford v. Gen. Ins. Co. of Am.*, No. 20-CV-06382-VC, 2021 WL 1267267, at *1 (N.D. Cal. Apr. 6, 2021) (Chhabria, J.) (counsel sanctioned for "repeated failure to comply with court orders, and her failure to adequately respond to the order to show cause to explain these failures."). Accordingly, the extreme measure of sanctions should not be imposed here.

## II. THE SEALING REQUESTS WERE MADE IN GOOD FAITH

Hims's sealing requests do not warrant sanctions because they were submitted following a reasonable and competent inquiry, and were grounded in the relevant facts and applicable law. *See Raydiant Oximetry, Inc. v. ALC Med. Holdings LLC*, 808 F. Supp. 3d 987, 995 (N.D. Cal. 2025) (Chhabria, J.). Indeed, Hims and its counsel acted in good faith in seeking to seal select portions of the Complaint based on the recognized principle that a compelling reason for sealing may exist where

public disclosure would reveal "sources of business information that might harm a litigant's competitive standing." *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 598–99 (1978)). Hims's position was grounded in Ninth Circuit authority recognizing that confidential commercial information, research and development information, strategic business information, and other competitively sensitive materials may warrant protection where their disclosure could harm a litigant's competitive standing. *See, e.g.*, *In re Apple Inc. Device Performance Litig.*, No. 5:18-MD-02827-EJD, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019); *Day v. GEICO Cas. Co.*, No. 21-CV-02103-BLF, 2023 WL 8438582, at *2 (N.D. Cal. Dec. 5, 2023).

Hims and its counsel conducted a thorough review of the Complaint based on this applicable legal standard. Hims sought to seal only limited portions of the Complaint that it reasonably believed could harm its position in a highly competitive industry. Hims believed that public disclosure of this information could provide competitors with insight into its internal research, system design, development information, performance metrics, and business strategy decisions. That belief was supported by a declaration from Hims's Chief Operating Officer, who explained the confidential nature of the information, the measures Hims took to protect it, and the competitive harm that could result from disclosure. *See* Dkt. No. 13, Chi Decl. ¶¶ 7–15.

In identifying the information it believed warranted protection, Hims and its counsel attempted to ensure that the nature of the Plaintiffs' allegations would remain visible and apparent. To that end, the sealing requests were drawn directly from Hims's internal confidential documents, while leaving the allegations themselves publicly available. The requests therefore reflected a good-faith effort to protect information that could harm Hims's competitive standing—not to evade public scrutiny or disregard the public-access doctrine.

Ultimately, this Court concluded that Hims did not meet the standard required to justify sealing portions of the Complaint, and Hims does not challenge that ruling. Hims takes seriously the concerns expressed in the OSC regarding the showing required to justify sealing and does not seek to minimize those concerns or relitigate the Court's ruling. Rather, Hims respectfully submits that the sealing requests reflected a good-faith effort to comply with Local Rule 79-5(f) for the limited purpose of

protecting competitively sensitive information under applicable Ninth Circuit authority.

## III. THE SEALING REQUESTS DID NOT MATERIALLY IMPAIR PUBLIC ACCESS TO THE ALLEGATIONS IN THIS CASE

As this Court has previously explained, "litigation is a public process," and "the public has the right to know what the litigation is about, subject only to very limited exceptions." *Nevro Corp.*, 312 F. Supp. 3d at 805. Recognizing those important principles, Hims sought targeted sealing of specific categories of information while leaving the substance of the FTC's allegations publicly available. The filing of two subsequent class actions based largely on those public allegations further demonstrates that the public was able to understand and act upon the claims asserted in the Complaint. *See Doe et al. v. Hims & Hers Health, Inc.*, No. 4:26-cv-07941-JST (N.D. Cal. July 30, 2026); *Pearson v. Hims & Hers Health, Inc.*, No. 3:26-cv-08470-JCS (N.D. Cal. Aug. 14, 2026). The sealing requests were not intended to impair public access to the substance of the allegations in this litigation.

## IV. SANCTIONS ARE NOT WARRANTED

The fact that Hims's sealing requests were ultimately unsuccessful does not, by itself, justify sanctions. "Rule 11 is not intended to permit sanctions just because the court later decides that the lawyer was wrong." *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1508 (9th Cir. 1987) (internal quotation marks omitted). Rather, sanctions are "an extraordinary remedy . . . to be exercised with extreme caution," and are warranted only upon a finding of "bad faith *or* for willful disobedience of a court order." *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988); *Stanford v. Gen. Ins. Co. of Am.*, No. 20-cv-06382-VC, 2021 WL 1267267, at *2 (N.D. Cal. Apr. 6, 2021) (Chhabria, J.) (citing *Evon v. Law Offices of Sidney Mickell,* 688 F.3d 1015, 1035 (9th Cir. 2012)). Here, there is no basis to conclude that Hims or its counsel acted in bad faith or in willful disregard of a court order. Nor does the record support a finding that the sealing requests were frivolous. Under these circumstances, the extraordinary remedy of sanctions is unwarranted.

## CONCLUSION

Hims and its counsel acknowledge the Court's determination that the sealing requests were not sufficiently supported to satisfy the relevant legal standards. The requests, however, were made in good faith for the limited purpose of protecting information Hims reasonably believed could harm its

competitive standing, not for any improper purpose. The circumstances presented do not warrant the extraordinary remedy of sanctions. Accordingly, Hims and its counsel respectfully request that the Court discharge the OSC.

Respectfully submitted,

DATED: August 20, 2026

*/s/ Kimberly S. Morris*

Carole S. Rendon (SBN 0070345)
crendon@bakerlaw.com
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114
Telephone: 216.621.0200
Facsimile: 216.696.0740

Kimberly S. Morris (SBN 249933)
kmorris@bakerlaw.com
BAKER & HOSTETLER LLP
Transamerica Pyramid
600 Montgomery Street, Suite 3100
San Francisco, CA 94111
Telephone: 415.659.2660
Facsimile: 415.659.2601

Victoria M. Rutherfurd (SBN 5041249)
vrutherfurd@bakerlaw.com
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212.589.4683
Facsimile: 212.589.4200

*Attorneys for Defendant*
*HIMS & HERS HEALTH, INC.*