SIOBHAN C. AMIN (CA Bar # 308416)
samin@ftc.gov
BARBARA CHUN (CA Bar # 186907)
bchun@ftc.gov
JORDAN X. NAVARRETTE (CA Bar # 306143)
jnavarrette@ftc.gov
FEDERAL TRADE COMMISSION
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Telephone: (310) 824-4300
Facsimile: (310) 824-4301

*Attorneys for Plaintiff*
*Federal Trade Commission*

[Additional Attorneys for Plaintiffs Listed on Signature Page]

KEKER, VAN NEST & PETERS LLP
BENJAMIN BERKOWITZ (CA Bar # 244441)
bberkowitz@keker.com
NICHOLAS S. GOLDBERG (CA Bar # 273614)
ngoldberg@keker.com
MAYA JAMES (CA Bar # 318554)
mjames@keker.com
NIALL M. FRIZZELL (CA Bar # 311929)
nfrizzell@keker.com
EMILY HASSELBERG (CA Bar # 326990)
ehasselberg@keker.com
SARA FITZPATRICK (CA Bar # 337360)
sfitzpatrick@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

*Attorneys for Defendant*
*Hims & Hers Health, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

FEDERAL TRADE COMMISSION; THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through LOS ANGELES COUNTY COUNSEL DAWYN R. HARRISON; and UTAH DIVISION OF CONSUMER PROTECTION,

Plaintiffs,

v.

HIMS & HERS HEALTH, INC.,

Defendant.

**Case No. 3:26-cv-07871-VC**

**JOINT CASE MANAGEMENT STATEMENT**

Date: October 30, 2026
Time: 10:00 a.m.
Judge: Hon. Vince Chhabria

Plaintiffs, the Federal Trade Commission ("FTC"), the People of the State of California, acting by and through Los Angeles County Counsel Dawyn Harrison (the "People of the State of California"), the Utah Division of Consumer Protection (the "Division") (collectively, "Plaintiffs") and Defendant Hims & Hers Health, Inc. ("Hims & Hers" or "Defendant") (collectively with Plaintiffs, "the Parties") jointly submit this Joint Case Management Statement pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, the Court's Civil Standing Order, and the Court's August 14, 2026 Notice of New Hearing Date (Dkt. 24).

## I. JURISDICTION AND SERVICE

Hims & Hers disputes subject matter jurisdiction as to certain claims and forms of relief. There are no disputed issues regarding personal jurisdiction or venue. No parties remain to be served.

### A. Plaintiffs' Statement

The Court has subject matter jurisdiction over the FTC's claims pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and has supplemental jurisdiction over the state-law claims asserted by the People of the State of California and the Division pursuant to 28 U.S.C. § 1367(a).

To the extent Defendant makes arguments in this section also raised in their motion to dismiss, Plaintiffs will respond to those arguments in their opposition to be filed on November 25, 2025.

### B. Defendant's Statement

Plaintiffs have not alleged any basis for prospective relief and therefore lack standing to pursue it. The FTC further lacks authority to seek retrospective monetary relief on its claims

under the FTC Act, and therefore has not stated any grounds for relief for those claims.[1] These problems are jurisdictional and will be addressed in Hims & Hers's forthcoming motion to dismiss.

## II. FACTS

### A. Plaintiffs' Statement

Defendant is an online telehealth company that sells prescription medical treatments—including treatments for sexual health, hair loss, skin, mental health, and weight loss—directly to consumers on a negative-option, subscription basis through its "Hims" and "Hers" online platforms. The Complaint alleges that Defendant has violated federal and state consumer protection laws in four ways.

First, Defendant misrepresents to consumers seeking medical treatment that they will be able to have a dialogue with a medical provider about their recommended treatment, that they are not agreeing to pay for or subscribe to a treatment plan when they submit their online intake flow, and that they will only be charged and subscribed after confirming their consent to the recommended treatment. Contrary to these representations, Defendant frequently charges consumers for a prescription treatment and enrolls them in a subscription plan for that treatment almost immediately after the consumer submits their online intake flow.

Second, Defendant has caused consumers to incur unwanted refill charges. Before enrolling consumers in subscriptions, Defendant fails to clearly and conspicuously disclose when Defendant will charge them for prescription refills, including that the first refill will be charged

[1] In its complaint, the FTC seeks monetary relief under the FTC Act. *See* Dkt. 28, Prayer.

particularly early. As a result, consumers suffer unwanted charges when they do not pause or cancel their subscription in accordance with Defendant's inadequately disclosed timeframe.

Third, from at least 2019 until early 2025, Defendant made it difficult for most consumers to cancel their subscriptions, causing consumers to incur unwanted charges and lost time. Prior to April 2023, Defendant required most consumers to contact customer service to cancel their subscriptions and customers struggled to cancel using the options available. Beginning around April 2023, Defendant began providing more consumers with an online cancellation flow that purportedly allowed consumers to cancel themselves on the website, but this flow was confusing and not simple.

Fourth, Defendant has deceived millions of consumers into sharing their health information by assuring them that Defendant's services are "private" and "discreet," and that only medical providers would access their sensitive health information. Instead, through at least May 2024, Defendant shared consumers' health information with advertisers without clearly and conspicuously notifying consumers of this practice.

The principal factual issues in dispute include at least the following issues:

- Whether Defendant has made misrepresentations regarding the privacy of its services and its handling of sensitive health information;
- Whether Defendant failed to disclose its sharing of sensitive health information with third-party advertising platforms;
- Whether Defendant's advertisements and medical intake flows have contained misrepresentations or misleading statements regarding Defendant's prescription subscriptions;

- Whether Defendant clearly and conspicuously disclosed all material terms of its prescription subscriptions before obtaining the consumer's billing information;
- Whether Defendant obtained consumers' express informed consent before charging consumers' credit card, debit card, bank account, or other financial account for products or services;
- Whether Defendant provided simple mechanisms for a consumer to stop recurring charges for the good or service to the consumer's credit card, debit card, bank account, or other financial account; and
- The number of consumers affected, the number of instances the conduct described above occurred, and extent of consumer injury.

To the extent Defendant makes arguments in this section also raised in their motion to dismiss, Plaintiffs will respond to those arguments in their opposition to be filed on November 25, 2025.

**B. Defendant's Statement**

Hims & Hers is a telehealth company that facilitates access to healthcare, particularly for chronic conditions that patients may find difficult or uncomfortable to raise in person, such as hair loss, sexual health, dermatology, mental health, and weight loss. The Hims & Hers model allows patients to share their health history and treatment goals through an online medical assessment, and connects patients with licensed medical providers who review that information to determine whether treatment is appropriate. Its partner providers practice under state medical licensing and telehealth laws, which govern, among other things, whether a real-time consultation is required before a prescription may be written (in most states, it is not). Within

that framework, Hims & Hers gives patients a discreet, convenient way to obtain clinical treatment without the stigma that often keeps people from seeking care at all.

Plaintiffs' complaint rests on the premise that Hims & Hers deceives consumers by concealing information that it in fact clearly and explicitly discloses to them. To construct its narrative, Plaintiffs ignore the company's disclosures, quote selectively, and omit material information, including the complete intake and cancellation flows, and the Privacy Policy. And Plaintiffs' allegations are contradicted by documents cited in the complaint itself. Plaintiffs further stretch the Restore Online Shoppers Confidence Act ("ROSCA") beyond what Congress intended — treating installment payments under fixed-term contracts as a negative-option feature, and invoking a statute governing negative-option billing to police privacy practices.

**Privacy.** Plaintiffs rely on a handful of out-of-context statements about issues *other* than data-sharing to manufacture a purported misrepresentation. In particular, Plaintiffs rely on general, non-actionable statements regarding the privacy or discreetness of online telehealth transactions while ignoring Hims & Hers's disclosures and terms. The company's Privacy Policy, which consumers must acknowledge when creating an account, discloses that Hims & Hers "may provide personal information to marketing and advertising partners," including "sensitive information" such as health data. The Policy further discloses tracking by third-party advertising companies and provides links for consumers to manage their settings with advertising partners, including Meta and Google. Plaintiffs ignore these explicit disclosures.

**Billing.** Plaintiffs employ the same selective reading in their claims about Hims & Hers's subscription practices. They isolate statements from excerpts of the Hims & Hers intake flow, then insist those statements promise consumers an in-person consultation and a second opportunity to authorize payment after a provider approves treatment, or make certain

commitments regarding refills. But the very materials Plaintiffs cite confirm that Hims & Hers makes no such promise. Hims & Hers in fact represents that "[i]f prescribed medication," the consumer "will be charged . . . for your first 90 days supply and . . . every 90 days thereafter until you cancel." Hims & Hers likewise explains that refills "will be charged and shipped 10 days early," and specifies when and how consumers can cancel.

**Cancellation.** Plaintiffs ignore that the contracts they appear to be complaining about do not have negative-option features and therefore fall outside the reach of ROSCA (Counts IV-VI).[2] Even so, Plaintiffs misstate Hims & Hers's cancellation practices, which have always met the requisite standard for a "simple" cancellation mechanism.

**Relief.** Finally, Plaintiffs fail to plausibly allege any ongoing or likely future unlawful conduct warranting injunctive relief. Nor does Hims & Hers's awareness of an FTC investigation establish that it knew its conduct was unlawful, as required for civil penalties under the FTC Act.

The principal factual issues in dispute include at least the following issues, to the extent they are not rendered moot or resolved as a matter of law on Hims & Hers's forthcoming motion to dismiss:

- Whether Hims & Hers has made the alleged representation regarding billing that Plaintiffs ascribe to it, and whether that representation would be misleading to a consumer acting

[2] ROSCA provides a cause of action where a contract with a "negative option feature" fails to meet all three of the conditions stated in the statute. 15 U.S.C. § 8403. The FTC has brought its cause of action in three counts – one count for each condition Hims & Hers allegedly fails to satisfy. For simplicity, Defendants refer generally to the ROSCA "counts" or "claims" in the complaint. However, these ROSCA "counts" or "claims" do not open the door to duplicate (or triplicate) relief for what are, in essence, three theories of a single ROSCA violation.

reasonably under the circumstances, in light of Hims & Hers's intake flow and billing disclosures in particular.

- Whether Hims & Hers has made the alleged representation regarding privacy that Plaintiffs ascribe to it, and whether the representation would be misleading to a consumer acting reasonably under the circumstances, in light of Hims & Hers's Privacy Policy in particular.

- Whether the subscriptions at issue contain a negative-option feature.

- Whether, if ROSCA applies to the contracts at issue in the complaint: (a) Hims & Hers clearly and conspicuously disclosed material terms for ROSCA purposes; (b) Hims & Hers obtained informed consent for ROSCA purposes; and (c) Hims & Hers's cancellation practices constituted a "simple" cancellation mechanism for ROSCA purposes.

- Whether Hims & Hers had contemporaneous knowledge of its purported violation of the FTC Act, ROSCA, or other statutes.

- Whether Plaintiffs can identify any actual damages or loss in connection with their claims.

- Whether Plaintiffs can identify any risk of future injury as necessary to justify their request for prospective injunctive relief.

## III. LEGAL ISSUES

### A. Plaintiffs' Statement

The FTC alleges that Defendant has: (1) deceptively represented that consumers' health information would be kept private, discreet, and accessed only by medical providers, when in fact Defendant shared that information with third-party advertising platforms, in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a) (Count I); (2) failed to disclose, or failed to adequately disclose, its practice of sharing consumers' health information with advertising

platforms, in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a) (Count II); (3) deceptively represented that consumers would be able to consult with a provider, were not agreeing to pay for or subscribe to treatment upon submitting their intake flow, and would only be charged and subscribed after confirming consent to a treatment recommendation, in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a) (Count III); (4) failed to clearly and conspicuously disclose material terms of the transaction—including the timing of first charges, subscription enrollment, and refill charges, and that their sensitive health information would be shared with third-party advertising platforms—before obtaining consumers' billing information, in violation of Section 4 of ROSCA, 15 U.S.C. § 8403 (Count IV); (5) failed to obtain consumers' express informed consent before charging them, in violation of Section 4 of ROSCA, 15 U.S.C. § 8403 (Count V); and (6) failed to provide simple mechanisms for consumers to cancel recurring charges, in violation of Section 4 of ROSCA, 15 U.S.C. § 8403 (Count VI).

The People of the State of California allege violations of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq*. (Count VII) and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. (Count VIII), the latter predicated on, among other things, the FTC Act and ROSCA violations described above, violations of California's Automatic Renewal Law, Cal. Bus. & Prof. Code § 17600 *et seq*., and violations of the California constitutional and common-law right to privacy. The Division alleges violations of the Utah Consumer Sales Practices Act, Utah Code § 13-11-4 (Count IX).

The primary legal issues for the Court to consider include:

- The appropriate amount of civil penalties under Cal. Bus. & Prof. Code §§ 17206 and 17536 and the Utah CSPA, Utah Code § 13-11-17(1)(e).
- The appropriate injunctive relief.

To the extent Defendant makes arguments in this section also raised in their motion to dismiss, Plaintiffs will respond to those arguments in their opposition to be filed on November 25, 2025.

**B. Defendant's Statement**

The primary legal issues for the Court to consider include:

- Whether the FTC has plausibly alleged an actionable misrepresentation with respect to Hims & Hers's privacy practices for purposes of the FTC Act.
- Whether the FTC has plausibly alleged an actionable misrepresentation with respect to Hims & Hers's billing practices for purposes of the FTC Act.
- Whether the FTC is authorized to seek monetary relief under the FTC Act.
- Whether the subscriptions at issue constitute contracts with a negative-option feature for purposes of ROSCA.
- What constitutes material terms under ROSCA.
- Whether, if ROSCA applies to the subscriptions at issue in the complaint: (a) the FTC has plausibly alleged failure to disclose material terms for purposes of ROSCA; (b) the FTC has plausibly alleged a lack of informed consent for purposes of ROSCA; and (c) the FTC has plausibly alleged the absence of a simple cancellation mechanism for purposes of ROSCA.
- Whether Plaintiffs have standing to seek prospective injunctive relief.
- To the extent Plaintiffs' claims survive a Rule 12 motion, whether Plaintiffs can create a genuine dispute of material fact as to the elements of their claims or requests for relief.
- The scope of any entitlement to monetary or injunctive relief.

## IV. MOTIONS

Defendant filed its motion to dismiss on October 22, 2026. The motion is scheduled to be heard on January 7, 2027. The Parties may file other motions at the appropriate time, including discovery motions, motions for summary judgment, and *Daubert* motions, as appropriate.

## V. AMENDMENT OF PLEADINGS

The Parties propose December 29, 2026 as the deadline for amending the pleadings or joining additional parties.

### A. Plaintiffs' Statement

Federal Rule of Civil Procedure 15 governs Plaintiffs' right to amend as a matter of course. As Defendant's motion to dismiss was filed October 22, 2026, Plaintiffs' 21-day period to amend as a matter of course extends to November 12. Plaintiffs reserve their right to amend as a matter of course.

### B. Defendant's Statement

At the Parties' 26(f) conference, Hims & Hers asked Plaintiffs if they have any present intention to amend their complaint, as it would be inefficient for the Parties and the Court to brief a motion to dismiss on a pleading that Plaintiffs expect to supersede. Plaintiffs refused to state if they have any present intention to amend. In the interest of efficiency, Hims & Hers respectfully requests assistance at the case management conference in obtaining clarity on Plaintiffs' present intentions with respect to amendment.

## VI. EVIDENCE PRESERVATION

The Parties certify that they have reviewed the Court's Guidelines for the Discovery of Electronically Stored Materials. The Parties confirm they have met and conferred pursuant to

Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

## VII. DISCLOSURES

The Parties will exchange their Rule 26(a)(1) initial disclosures concurrently with the filing of this report.

## VIII. DISCOVERY

### A. Scope of Discovery

#### 1. Plaintiffs' Statement

On October 9, 2026, Plaintiff FTC served its first set of requests for production on Defendant. Prior to this case being filed, Defendant produced information, documents, and testimony in response to Civil Investigative Demands issued by the FTC. However, Plaintiffs are entitled to, and intend to, seek additional information in discovery beyond what was produced in the FTC's investigation.

Plaintiffs expect to propound discovery, including requests for production, deposition notices, interrogatories, and requests for admission, on at least the following subjects: Defendant's representations in its advertising, website, and intake flows regarding its subscription, billing, and privacy practices and its medical consultation procedures; Defendant's internal research and analyses regarding consumer understanding of its subscription, billing, and privacy practices; consumer complaints received by Defendant, Defendant's categorization and analysis of those complaints, as well as cancellation procedures, changes to such procedures, and reasons for such changes; Defendant's use of third-party advertising platforms, any practices and procedures with respect to information sharing with those platforms, and any changes thereto; and any defenses Defendant raises in its Answer.

Plaintiffs anticipate seeking this information from Defendant and from third parties via Rule 45 subpoenas.

**2. Defendant's Statement**

Hims & Hers served its first set of requests for production on October 9, 2026. Hims & Hers expects to serve additional document requests, requests for written discovery, and deposition notices concerning Plaintiffs' claims and Hims & Hers's anticipated defenses, including Plaintiffs' investigation of their allegations against Hims & Hers, Plaintiffs' investigation of related allegations and claims generally, and Plaintiffs' understanding and application of the statutes at issue.

Over the course of the three-year investigation preceding this litigation, Hims & Hers made extensive productions to the FTC and made available multiple witnesses to provide sworn testimony. The Parties have further stipulated that this investigative discovery shall be deemed discovery produced in connection with this litigation. Accordingly, Plaintiffs already have an extraordinary amount of information, including documents, correspondence, and testimony, concerning their claims. Hims & Hers expects further discovery requests from Plaintiffs to be reasonably tailored and nonduplicative.

**B. Limits on Discovery**

The Parties agree to abide by the discovery limitations set forth in the Federal Rules of Civil Procedure and the Local Rules. The Parties agree that the discovery limitations set forth in the Federal Rules of Civil Procedure and the Local Rules shall apply on a "per-side" basis. Specifically, the Parties agree that: (a) Plaintiffs will not each serve separate discovery on Defendant and Defendant will not serve separate discovery on each Plaintiff; (b) Plaintiffs will be one party for the purpose of the Rules' numerical limits and no party will seek discovery

beyond those limits on the grounds that there are multiple Plaintiffs. The Parties will seek leave of court if and when they believe discovery outside of the Rules' limits is appropriate.

**C. Production of Documents and Electronically Stored Information**

The Parties anticipate entering into a stipulated order regarding ESI based on the Northern District's Model ESI Order. Plaintiffs circulated a proposed stipulated order prior to the filing of this report, and the Parties are currently discussing it.

**D. Protective Order and Privilege Issues**

The Parties anticipate entering a stipulated protective order to protect any confidential, proprietary, or other potentially sensitive information that may be produced in discovery based on the Northern District's Model Order. Plaintiffs circulated a proposed stipulated order prior to the filing of this report, and the Parties are currently discussing it.

**E. Discovery Plan**

On October 9, 2026, the Parties met and conferred on a discovery plan. The contours of that plan are reflected in this joint statement.

**F. Discovery Disputes**

The Parties have not identified any discovery disputes to date.

**G. Other Stipulations**

The Parties stipulate that to the extent Defendant produced a document to one or more Plaintiffs in response to a pre-suit subpoena, civil investigative demand, or other document request, such documents shall be deemed produced in connection with this litigation and need not be reproduced in discovery. All such documents shall be presumptively designated and treated as "Confidential" under the Protective Order, without requiring Defendant to re-produce

or re-label them, subject to the Protective Order's procedures for challenging confidentiality designations.

## IX. CLASS ACTIONS

Not applicable.

## X. RELATED CASES

The Court has deemed the following actions related to this action under Local Rule 3-12:

- *Doe v. Hims & Hers Health, Inc.*, 3:26-cv-07941-VC (N.D. Cal.)
- *Pearson v. Hims & Hers Health, Inc.*, 3:26-cv-8470-VC (N.D. Cal.)
- *Weaver v. Hims & Hers Health, Inc.*, 3:26-cv-8483-VC (N.D. Cal.) (formerly *J.I. v. Hims & Hers Health, Inc.*)
- *Holbrook v. Hims & Hers Health, Inc.*, 3:26-cv-10668-VC (N.D. Cal.)

Plaintiffs oppose any consolidation of those actions with this action under Federal Rule of Civil Procedure 42.

## XI. RELIEF

### A. Plaintiffs' Statement

Plaintiff FTC seeks a permanent injunction to prevent future violations of the FTC Act and ROSCA by Defendant, monetary relief for Defendant's violations of ROSCA to make consumers whole, and any additional relief the Court determines to be just and proper pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b), 57b, and Section 5 of ROSCA, 15 U.S.C. § 8404. Plaintiff the People of the State of California seeks a permanent injunction, restitution, and civil penalties of up to $2,500 per violation under Business and Professions Code §§ 17206 and 17536, as well as such other equitable relief as the Court deems just and proper. Plaintiff the Division seeks a permanent injunction, monetary relief, an equitable accounting and

disgorgement of Defendant's revenue in Utah, civil penalties, and attorneys' fees and costs pursuant to the Utah CSPA, Utah Code § 13-11-17(1). Plaintiffs have not yet determined the specific amount of monetary relief, restitution, disgorgement, or civil penalties they will seek.

To the extent Defendant makes arguments in this section also raised in their motion to dismiss, Plaintiffs will respond to those arguments in their opposition to be filed on November 25, 2025.

### B. Defendant's Statement

Plaintiffs lack standing to pursue prospective injunctive relief. The FTC also lacks authority to seek monetary relief for its FTC Act claims. Hims & Hers otherwise disputes Plaintiffs' theories of and alleged entitlement to relief. To the extent the FTC seeks duplicate (or even triplicate) remedies under ROSCA, the statute does not permit it. *See supra* note 1.

## XII. SETTLEMENT AND ADR

The Parties are amenable to a Settlement Conference with a Magistrate Judge in accordance with ADR Local Rule 3-4(a)(3). The Parties propose holding such a Settlement Conference at the conclusion of fact discovery.

## XIII. OTHER REFERENCES

The Parties do not believe this case is suitable for reference to a special master or the Judicial Panel on Multidistrict Litigation. This case is not subject to binding arbitration.

## XIV. NARROWING OF ISSUES

The Parties believe it is currently premature to identify material facts or legal issues that can be narrowed by agreement or resolved by stipulation. The Parties expect that any future motions for summary judgment would serve to narrow the issues.

## XV. SCHEDULING

The Parties provide a full litigation schedule, attached hereto as **Exhibit A**.

## XVI. TRIAL

### A. Plaintiffs' Statement

Plaintiffs propose a two-week jury trial. Plaintiffs will timely serve a demand for a jury trial in accordance with Rule 38.

Plaintiffs are amenable to briefing the issue of which claims are triable by a jury if and when the Court deems that appropriate. To the extent Defendant makes arguments in this section also raised in their motion to dismiss, Plaintiffs will respond to those arguments in their opposition to be filed on November 25, 2025.

### B. Defendant's Statement

Plaintiffs have not demanded a jury trial, and it is not clear that Plaintiffs have, or will have after resolution of Hims & Hers's motion to dismiss, any claims triable to a jury.

## XVII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

As government entities, Plaintiffs are not required to file a Certification of Interested Parties pursuant to Local Rule 3-15(a). Defendant filed its Certification of Interested Parties on August 5, 2026. (*See* Dkt. 14.)

## XVIII. PROFESSIONAL CONDUCT

All attorneys of record have reviewed the *Guidelines for Professional Conduct for the Northern District of California*.

## XIX. OTHER

The Parties stipulate and agree that service of documents not served via CM/ECF (*e.g.*, discovery requests and responses) will be effected via email to counsel for the Parties. No regular mail service will be required.

Dated: October 23, 2026

*/s/ Siobhan Amin*
SIOBHAN C. AMIN
BARBARA CHUN
JORDAN NAVARRETTE
Federal Trade Commission
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Tel: (310) 824-4300
samin@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

*/s/ Benjamin Berkowitz*
BENJAMIN BERKOWITZ
NICHOLAS S. GOLDBERG
MAYA JAMES
NIALL M. FRIZZELL
EMILY HASSELBERG
SARA FITZPATRICK

Attorneys for Defendant
HIMS & HERS HEALTH, INC.

*/s/ Peter Lee*
DAWYN R. HARRISON
County Counsel
JON SCOTT KUHN
Assistant County Counsel
ANDREA ROSS
Principal Deputy County Counsel
PETER S. LEE
Senior Deputy County Counsel
HANNAH FLORES
Deputy County Counsel

CHRISTINA TUSAN
ADRIAN BARNES
TUSAN LAW, P.C.

Attorneys for Plaintiff
PEOPLE OF THE STATE OF CALIFORNIA

*/s/ Alexandra Butler*
DEREK E. BROWN
UTAH ATTORNEY GENERAL
Douglas Crapo
Public Protection Deputy Attorney General
Alexandra Butler
Daniel Ruskin
Assistant Attorneys General
160 East 300 South, 5th Floor
Salt Lake City, Utah 84114
(801) 366-0310
crapo@agutah.gov
alexandrabutler@agutah.gov
druskin@agutah.gov

Attorneys for Plaintiff
UTAH DIVISION OF CONSUMER PROTECTION

**FILER'S ATTESTATION**

I, Siobhan C. Amin, am the ECF user whose user ID and password authorized the filing of this document. Under Civil Local Rule 5-1(i)(3), I attest that all signatories to this document have concurred in this filing, and that this document was served by electronic filing or email on all counsel of record on October 23, 2026.

Dated: October 23, 2026

*<u>/s/ Siobhan Amin</u>*

SIOBHAN C. AMIN